IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JAMIE PACELY, | ) ) ) | Case No. 1:20-cv-113 |
| Petitioner | ) ) ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) ) | RICHARD A. LANZILLO |
| B. TATE, | ) ) | MEMORANDUM OPINION AND |
| Respondent | ) ) ) | ORDER |

I.    Introduction

Presently pending is a petition for writ of habeas corpus filed by pro se Petitioner Jamie

Pacely (Petitioner) pursuant to 28 U.S.C. § 2241.  ECF No. 3.  Petitioner contends that the

Bureau of Prisons (BOP), the agency responsible for implementing and applying federal law

concerning the computation of federal sentences, erred in computing his sentence.  For the

following reasons, Petitioner's § 2241 petition must be dismissed.[1]

II.    Background

On May 7, 2007, Petitioner was sentenced in the Court of Common Pleas of Erie County,

Pennsylvania, to a three-to-six-year term of imprisonment for Possession with Intent to Deliver

Cocaine in Case Number 151 of 2007.  ECF No. 14-1 ¶ 4(a).  Petitioner was released via state

parole on July 12, 2012.  *Id.*

On April 20, 2013, Petitioner was arrested by the Erie Police Department and charged

with various drug and vehicle crimes.  *Id.* ¶ 4(c).  Petitioner was sentenced to a 12-month term of

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all
proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

probation for two criminal counts arising from that arrest. *Id.* Based on his conviction,

Petitioner's state parole in Case Number 151 of 2007 was revoked on October 30, 2013. *Id.* ¶

4(d). Throughout this time, Petitioner remained in the physical custody of the Commonwealth of

Pennsylvania.

On February 14, 2014, Petitioner was temporarily removed from state custody by the

United States Marshal Service (USMS) pursuant to a federal writ of habeas corpus ad

prosequendum. *Id.* ¶ 4(e). On August 1, 2016, the United States District Court for the Western

District of Pennsylvania sentenced Petitioner to a 102-month term of imprisonment for

Possession with Intent to Distribute and Distribution of Less Than 28 Grams of a Mixture and

Substance Containing a Detectable Amount of Cocaine Base in Case Number 1:14-cr-06-01. *Id.*

¶ 4(f).

On July 8, 2015, while Petitioner was on writ to the USMS, the Commonwealth of

Pennsylvania issued a decision closing Petitioner's state parole case effective April 30, 2015. *Id.*

¶ 4(g). In determining his maximum parole date, the Commonwealth credited Petitioner with the

time that he served following his arrest on April 20, 2013, through the revocation of his parole

on October 30, 2013. *Id.*

On March 10, 2017, the Pennsylvania Board of Probation and Parole issued a Parole

Violation Warrant in Case Number 151 of 2007. Id. ¶ 4(h). On December 3, 2019, the state

cancelled the warrant and lifted the state detainer. *Id.*

The instant petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241,

challenges the BOP's calculation of his federal release date. Petitioner generally argues that the

BOP failed to credit him for time that he spent in state custody from February 24, 2014, through

April 30, 2015. *See* ECF No. 3 at 5.

2

III.    Analysis

For federal prisoners, 28 U.S.C. § 2241 confers habeas jurisdiction over an inmate's challenge to the execution – as opposed to the validity – of his sentence. *Cardona v. Bledsoe*, 681 F.3d 533,535 (3d Cir. 2012). Two types of claims may ordinarily be litigated in a § 2241 proceeding. First, a prisoner may challenge conduct undertaken by the Federal Bureau of Prisons (the "BOP") that affects the duration of his custody. For example, a prisoner can challenge the BOP's computation of his federal sentence, *see*, *e.g.*, *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990), or the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits, *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Secondly, a prisoner can challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment." *Cardona*, 681 F.3d at 536; *Woodall*, 432 F.3d at 243. Because the allegations in the instant habeas action challenge the BOP's computation of Petitioner's federal sentence, this Court has jurisdiction under § 2241 to consider Petitioner's claim.

To determine whether the BOP correctly computed an inmate's federal sentence, a reviewing court must separately determine: (1) the date on which Petitioner's federal sentence commenced, and (2) whether Petitioner was entitled to credit for time spent in custody prior to the commencement of his sentence. Each of these determinations is governed by 18 U.S.C. § 3585.

With respect to the commencement date, 18 U.S.C. § 3585(a) provides that a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." When an inmate is only facing service of a federal sentence, the

application of § 3585(a) is straightforward: the BOP will simply designate the inmate to a federal detention facility and calculate the federal sentence to have commenced on the date it was imposed. Where a defendant faces prosecution by both state and federal authorities, however, courts apply the "primary custody" doctrine to determine where and how the defendant will serve any resulting sentence of incarceration. *See Taccetta v. Federal Bureau of Prisons*, 606 Fed. Appx. 661, 663 (3d Cir. 2015). Under that doctrine, the sovereign that first arrests an individual has "primary custody" over the defendant and is entitled to have the defendant serve its sentence before that of any other jurisdiction. *See id.* (citing *Bowman v. Wilson*, 672 F.2d 1145, 1153 (3d Cir. 1982)). Primary custody remains vested in that sovereign until the defendant completes that sovereign's sentence or the sovereign relinquishes primary custody by releasing the defendant on bail, dismissing the charges, or granting parole. *See id.* Notably, a temporary transfer of a prisoner on a writ of habeas corpus ad prosequendum does not constitute a relinquishment. *See id.*; *see also Holloman v. Warden Fairton FCI*, 635 Fed. Appx. 12, 14 (3d Cir. 2015) (stating that "[t]he production of a defendant pursuant to a writ of habeas corpus ad prosequendum does not affect the jurisdiction of the sovereign with primary custody over a defendant").

In the instant case, Petitioner remained in the primary custody of the Commonwealth of Pennsylvania until April 30, 2015, when the state closed Petitioner's state parole case. Petitioner does not appear to dispute that his federal sentence commenced on August 2, 2016, the date on which it was imposed. *See* ECF No. 3 at 3. Thus, the lone remaining question is whether Petitioner received the appropriate amount of credit for the time that he spent in custody prior to the commencement of his sentence.

4

Pursuant to 18 U.S.C. § 3585(b), a defendant is entitled to receive credit for time served "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." *Id.* (emphasis added). The intent of the last clause of § 3585(b) is to prohibit an inmate from receiving double credit for his prior time in detention. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. *See*, *e.g.*, *Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007).

In the instant case, Petitioner received credit against his state sentence for two periods of time that he spent in state custody following his arrest. Specifically, he was credited for one day in state custody on February 22, 2013, and for his time in state custody between May 1, 2015, the day after his parole was closed, and July 31, 2016, the date prior to the commencement of his federal sentence. Because he received credit against his state sentence for those time periods, it appears that he received the credit to which he was entitled under § 3585.

Petitioner does not seem to dispute those calculations. Instead, Petitioner maintains that, because the State Parole Board issued a parole detainer against him in 2017 based on the supposedly expired 2007 sentence, it must not have truly closed his parole on April 30, 2015, as it had indicated. Petitioner posits that the only way this could have occurred is if the state failed to credit him for the time he spent in custody between February 24, 2014, through April 30, 2015. Under such circumstances, Petitioner would theoretically be entitled to have that time in custody credited against his federal sentence.

5

While the Court understands the logic underlying Petitioner's argument, it is belied by the record. Petitioner was paroled on July 12, 2012, with two years and ten days remaining on his original sentence. ECF No. 14-3 at 8. He was recommitted on the Parole Board's warrant on April 20, 2013, following his arrest while at liberty. *Id.* Upon his conviction on October 30, 2013, he became available to serve the remainder of his sentence. *Id.* After crediting him with the six months and ten days between his arrest and conviction, the Parole Board determined that he had one year and six months remaining on his original sentence (24 months and ten days – six months and ten days = 18 months). *Id.* Adding that eighteen months to his conviction date – October 30, 2013 – resulted in a final max date of April 30, 2015, the precise date on which his parole was terminated. *Id.* Petitioner's state sentence was credited with the full amount of time he is challenging.[2]

In his reply brief, Petitioner also suggests that the BOP deemed him ineligible to participate in a Residential Drug Treatment Program (RDTP) because of the detainer that the state lodged against him in 2017. *See* ECF No. 15. As noted above, however, the Parole Board lifted that detainer in 2019. Since that time, Petitioner has been eligible for participation in the RDTP. Moreover, the United States Supreme Court has held that an inmate does not have a liberty interest in the expectation of early release from prison before a valid sentence has run to completion. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Dababneh v. Warden Loretto FCI*, 792 Fed. Appx. 149, 151 (3d Cir. 2019) ("Dababneh's due process claim fails because a prisoner

---

[2] The fact that the Parole Board attempted to issue a detainer twenty-three months after Petitioner's parole was closed does not mean that if failed to credit him for the fourteen months at issue; it is more likely that the March 2017 detainer was issued in error. This inference is supported by the fact that the Parole Board cancelled the detainer in 2019, following a hearing. In any event, the Parole Board's subsequent action does not change the fact that Petitioner received the credit against his federal sentence to which he was entitled.

has no protectable liberty interest in participating in the RDAP, or, for that matter, early release following completion of that program."). Petitioner's argument to the contrary is without merit.

IV.  Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is dismissed.[3] The Clerk is directed to mark this case closed.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: March 2, 2022

---

[3] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).